UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1507 FFM | Date | March 6, 2015 |
|---|---|---|---|
| Title | MASSOUD POURATIAN and MAHNAZ POURATIAN v. TRAVELERS COMMERCIAL INSURANCE, TEAM 5 SERVICES, INC., dba PUROCLEAN and DOES 1 through 20, inclusive | | |

| Present: The Honorable | Frederick F. Mumm, United States Magistrate Judge | |
|---|---|---|
| James Munoz | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**Proceedings:**  **(IN CHAMBERS) ORDER TO SHOW CAUSE RE LACK OF SUBJECT MATTER JURISDICTION**

## I.  INTRODUCTION AND BACKGROUND

Plaintiffs Massoud Pouratian and Mahnaz Pouratian filed this action on March 19, 2014 in Los Angeles County Superior Court against defendants Travelers Commercial Insurance ("Travelers") and Team 5 Services, Inc. dba Puroclean (the "Non-Diverse Defendant").  The First Amended Complaint asserts the following claims: (1) breach of contract, (2) breach of implied duty of good faith and fair dealing, and (3) unfair business practices.  The First Amended Complaint also requests specific performance and declaratory relief.

Travelers filed a notice of removal in this Court on March 2, 2015, contending that this Court has original jurisdiction over this action based on diversity of citizenship. Travelers avers that the Superior Court's February 25, 2015 order granting the Non-Diverse Defendant's motion for summary judgment created complete diversity between the parties.[1]

---

[1]  According to Travelers, plaintiff is a citizen of California and Travelers is a Connecticut corporation with its principal places of business in the state of Connecticut.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1507 FFM | Date | March 6, 2015 |
|---|---|---|---|
| Title | MASSOUD POURATIAN and MAHNAZ POURATIAN v. TRAVELERS COMMERCIAL INSURANCE, TEAM 5 SERVICES, INC., dba PUROCLEAN and DOES 1 through 20, inclusive | | |

## II.  LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court.  28 U.S.C. § 1441(a).  Courts recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper.  *See, e.g., Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.  It is well established that diversity of citizenship, as grounds for removal jurisdiction, must exist both when an action is filed in state court and when the defendant petitions for removal of the action to federal court.  *Strasser v. KLM Royal Dutch Airlines*, 631 F. Supp. 1254, 1256 (C.D. Cal. 1986).

An exception to this rule exists where an action, not initially removable, may become removable when a plaintiff voluntarily dismisses all diversity-defeating defendants from a state court action.  *Self v. General Motors Corp*., 588 F.2d 655, 659 (9th Cir. 1978).  However, where the dismissal of a diversity-defeating defendant is done involuntarily, such as a dismissal on the merits over the plaintiff's opposition, that action does not become removable.  *Id*. at 659; *see also Avila v. Allegro Mfg*., 2011 WL 6010044, at *6 (C.D. Cal. Nov. 28, 2011).  Thus, "where a state court dismisses a non-diverse defendant without the plaintiff's assent, the complaint is not removable on diversity grounds."  *Beck v. Starbuck Corp*., 2008 WL 4298575, at *3 (N.D. Cal. Sept. 19, 2008) (citing *Self*, 588 F.2d at 658) (internal citations omitted); *see also* Wright & Miller, 14B *Fed. Prac. & Proc. Juris.* § 3723 (4th ed.) (distinguishing between situations in which a state judge terminated the action as to the non-diverse party and situations in which the plaintiff voluntarily terminated the action as to a non-diverse party).

## III.  DISCUSSION

An stated above, Travelers argues that the requirement of complete diversity is met as a result of the Superior Court's February 25, 2015 order (the "Order"), which granted the summary judgment motion of the Non-Diverse Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1507 FFM | Date | March 6, 2015 |
|---|---|---|---|
| Title | MASSOUD POURATIAN and MAHNAZ POURATIAN v. TRAVELERS COMMERCIAL INSURANCE, TEAM 5 SERVICES, INC., dba PUROCLEAN and DOES 1 through 20, inclusive | | |

This argument is foreclosed by the principle that an action is not removable to federal court on diversity grounds where complete diversity is only achieved after the "involuntary" dismissal in state court of diversity-defeating defendants. *See Self*, 588 F.2d at 6587 (finding that an action not initially removable must "remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable"); *Beck,* 2008 WL 4298575, at *3 (concluding that an action should be remanded where diversity was not achieved by a voluntary act on the part of the plaintiff). Here, the Superior Court Order dismissing the Non-Diverse Defendant in response to such defendant's summary judgment motion constitutes an involuntary dismissal. As a result, the action is not removable on diversity grounds. *See, e.g., Self*, 588 F.2d at 657.

## IV.  CONCLUSION

Based on the foregoing, Travelers is hereby ORDERED TO SHOW CAUSE in writing on or before **March 20, 2015**, why this action should not be remanded to the Los Angeles County Superior Court.

**IT IS SO ORDERED**.

|  | : |  |
|---|---|---|
| Initials of Preparer | | JM |